**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ARMSTRONG TEASDALE LLP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: 4:21-cv-00341-NAB |
| | ) |
| MATT MARTORELLO, REBECCA | ) |
| MARTORELLO, JUSTIN MARTORELLO, | ) |
| GALLANT CAPITAL LLC, LIONT LLC, and | ) |
| EVENTIDE CREDIT ACQUISITIONS LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Matt Martorello, Rebecca Martorello, Justin Martorello (referred to herein as "**Individual Defendants**") and Gallant Capital LLC, Liont LLC, and Eventide Credit Acquisitions LLC (referred to herein as the "**Entity Defendants**") (collectively referred to herein as "**Defendants**") respectfully submit their Memorandum in Support of their Motion to Dismiss for Lack of Personal Jurisdiction as follows:

## I.      INTRODUCTION

Plaintiff Armstrong Teasdale LLP (hereinafter "**Plaintiff**" or "**Armstrong**") sued Defendants Matt Martorello, Rebecca Martorello, Justin Martorello (referred to herein as the "**Individual Defendants**"), and Defendants Gallant Capital LLC ("**Gallant**"), Liont LLC ("**Liont**") and Eventide Credit Acquisitions LLC ("**Eventide**") (referred to herein as the "**Entity Defendants**") (collectively referred to herein as "**Defendants**"). Plaintiff's Complaint asserts claims for Suit on Account, Breach of Contract and Quantum Meruit based upon Defendants' alleged failure to pay for legal services provided by Armstrong in connection with matters pending

1

in Virginia and other states, but not Missouri (the "**Underlying Matter**"). Virtually all the underlying legal services, for which $6,500,000.00 have been paid to date, were provided by Armstrong's offices in Philadelphia, Pennsylvania and Virginia, not Missouri.

Eventide is a single purpose entity with its only place of business in Dallas, Texas. Gallant owns a 25.5% interest in Eventide and Liont is a Management LLC. Entity Defendants are Delaware limited liability companies that have no operations or employees in Missouri, are not authorized to do business in Missouri, have no offices in Missouri, own no assets in Missouri, never sought legal services in Missouri, and have no agent for service of process or any other purpose in Missouri. Similarly, Individual Defendants do not live in Missouri, do business in Missouri, and never sought legal services in Missouri. In short, Defendants' contacts with the state of Missouri are insufficient to satisfy due process.

## II.   STATEMENT OF FACTS

Armstrong is a limited liability partnership and does business as a law firm in, among other places, Philadelphia, Pennsylvania.

Defendant Matt Martorello resides in Dallas, Texas, does not do business in Missouri and never sought any legal services in Missouri. (Affidavit of M3-att Martorello ("**Matt Martorello Affidavit**"), ¶5, attached hereto as **Exhibit 1**.)

Defendant Rebecca Martorello resides in Dallas, Texas, does not do business in Missouri and never sought any legal services in Missouri. (Affidavit of Rebecca Martorello ("**Rebecca Martorello Affidavit**"), ¶4, attached hereto as **Exhibit 2**.)

Defendant Justin Martorello resides in Houston, Texas, does not do business in Missouri and never sought any legal services in Missouri. (Affidavit of Justin Martorello ("**Justin Martorello Affidavit**"), ¶3, attached hereto as **Exhibit 3**.)

Gallant is a limited liability company organized under the laws of Delaware with its only place of business in Dallas, Texas. (Affidavit of Matt Martorello on Behalf of Entity Defendants ("**Martorello Affidavit for Entities**"), ¶2, attached hereto as **Exhibit 4**.) Liont is a limited liability company organized under the laws of Delaware with its only place of business in Dallas, Texas. (Martorello Affidavit for Entities, ¶3.) Eventide is a limited liability company organized under the laws of Delaware with its only place of business in Dallas, Texas. (Martorello Affidavit for Entities, ¶4.)

Defendants do not live or do business in Missouri and never sought legal services in Missouri. The Individual Defendants and Entity Defendants have no purposeful contacts with the state of Missouri. (Rebecca Martorello Affidavit, ¶4, 13-14, Justin Martrello Affidavit, ¶3,17-18, and Martorello Affidavit for Entities, ¶20-21.)

Defendant Rebecca Martorello, Justin Martorello, Gallant and Liont have been involved in one litigation matter in Virginia, *but not Missouri*. Eventide and Defendant Matt Martorello have been involved in litigation in a few states including Virginia, Massachusetts, California, Georgia, and Oregon, *but not Missouri*. (Matt Martorello Affidavit, ¶7 and Martorello Affidavit for Entities, ¶8-9.) Pursuant to separate engagement agreements, the Entity Defendants and Defendants Matt and Justin Martorello were represented in the Underlying Matter by attorney Richard Scheff ("**Scheff**") of Philadelphia, Pennsylvania. (Matt Martorello Affidavit, ¶5, Martorello Affidavit for Entities, ¶6, and Justin Martorello Affidavit, ¶4.) The Underlying Matter has nothing to do with Missouri and no connection to Missouri. (Matt Martorello Affidavit, ¶8, Martorell Affidavit for Entities, ¶11, and Justin Martorello Affidavit, ¶6.) When Scheff was retained, he was a partner in the Philadelphia office of Montgomery, McCracken, Wallace & Rhoades, LLP ("**Montgomery**"). (Martorello Affidavit for Entities, ¶6 and Matt Martorello Affidavit, ¶5.) Scheff is admitted to

3

practice in Pennsylvania, New York and Massachusets, **but not Missouri**. (Rebecca Martorello Affidavit, ¶10 and Justin Martorello Affidavit, ¶8.) Plaintiff promotes Scheff on its website as the Firm's Partner and Leader – **Eastern U.S.**, listing Philadelphia, New York and Massachusetts, **not St. Louis, nor Missouri**. (Rebecca Martorello Affidavit, ¶10 and Justin Martorello Affidavit, ¶8.) Scheff and the Montgomery law firm were retained by some of the Defendants in Philadelphia in the summer of 2017. (Matt Martorello Affidavit, ¶5 and Martorello Affidavit for Entities, ¶6.)

Almost a year and a half later in late 2018, Scheff left Montgomery and joined Armstrong's Philadelphia office. As part of his transition from the Montgomery firm to the Armstrong firm, Scheff sent the Entity Defendants and Defendants Matt and Justin Martorello letters from the Montgomery office in Philadelphia and new engagement letters from the Armstrong Philadelphia office to Defendants. (Matt Martorello Affidavit, ¶9, Justin Martorello Affidavit, ¶10, and Martorello Affidavit for Entities, ¶12.) There was no engagement letter that was initiated or accepted in Missouri. (Matt Martorello Affidavit, ¶11, and Justin Martorello Affidavit, ¶11, and Martorello Affidavit for Entities, ¶14.) The engagement letters were generated and executed by Scheff in Pennsylvania, not Missouri, and accepted in Texas, not Missouri. (Matt Martorello Affidavit, ¶12, Justin Martorello Affidavit, ¶13, and Martorello Affidavit for Entities, ¶15.) Defendants never sought any legal services in Missouri, and to the extent that Armstrong provided any legal services to Defendants in Missouri, that was at Armstrong's election, not Defendants'. (Matt Martorello Affidavit, ¶18, Justin Martorello Affidavit, ¶18, and Martorello Affidavit for Entities, ¶21.)

Every portion of the $6,500,000 in legal fees paid by Eventide on behalf of Defendants was based upon invoices generated in Philadelphia and the payments were made from Texas or Illinois

to Scheff's law firm. (Matt Martorello Affidavit, ¶19 and Justin Martorello Affidavit, ¶19, and Martorello Affidavit for Entities, ¶19 & 22.)

Defendants assert that this court's exercise of jurisdiction over them will violate due process because: (1) they have not had minimum contacts with Missouri and (2) maintaining this suit in Missouri will offend traditional notions of fair play and substantial justice. Moreover, Defendants have not purposefully availed themself of the benefits and protections of Missouri's laws by establishing "minimum contacts" with Missouri. In short, Defendants' contacts with the state of Missouri are insufficient to satisfy due process.

## III.   ARGUMENT

**A.   This Court lacks personal jurisdiction over Defendants as Defendants do not have sufficient minimum contacts with Missouri.**

### 1.   Armstrong has the burden of demonstrating personal jurisdiction.

FRCP 12(b)(2) permits a defendant to file a motion to dismiss for lack of personal jurisdiction without subjecting himself to the jurisdiction of the forum court. A trial court's inquiry, on a motion to dismiss for lack of long-arm jurisdiction, is limited to an examination of the petition on its face and the supporting affidavits to determine the limited question of personal jurisdiction. *Wilson Tool & Die, Inc. v. TBDN-Tennessee Co.*, 237 S.W.3d 611 (Mo. App. E.D. 2007). When a motion to dismiss for lack of long-arm jurisdiction is based on facts not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition. *Supra*, *Wilson Tool & Die*, *Inc.*

Armstrong, as the party attempting to invoke the Court's personal jurisdiction over Defendants, bears the burden of establishing that personal jurisdiction exists. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KC* 646 F.3d 589, 592 (8th Cir. 2011). When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must state facts in the complaint

to support a reasonable inference that the defendant can be subjected to jurisdiction within the state. *Dairy Farmer of Am., Inc. v Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474-5 (8th Cir. 2012).

A court can exercise either specific or general jurisdiction over a defendant. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Viasystems, Inc.*, 646 F.3d at 593 (citations and internal quotations omitted).

Specific jurisdiction "encompasses cases in which the suit arises out of or relates to the defendant's contacts with the forum." *Daimler AG v. Bauman,* 134 S. Ct. 746, 748-49 (2014). "When assessing whether personal jurisdiction exists over a nonresident defendant, jurisdiction must be authorized by Missouri's long arm statute and the defendant must have sufficient minimum contacts with the forum state to satisfy due process."   *Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 911 (8th Cir. 2014).

When ruling on a motion to dismiss for lack of personal jurisdiction, this Court must determine: (1) whether the exercise of personal jurisdiction over a non-resident defendant satisfies the forum state's long-arm statute and (2) whether exercise of long-arm jurisdiction satisfies  the due process clause of the Fourteenth Amendment. *Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F. Supp. 2d 1082, 1085 (E.D. Mo. 2001). Because Missouri's long-arm statute extends jurisdiction to the farthest reaches of the Due Process Clause, the Court's inquiry collapses  into the single question of whether asserting personal jurisdiction violates the Due Process Clause. Accordingly, Defendants will address the due process (or minimum contacts) issue first.

To satisfy due process, a plaintiff must show that a defendant has minimum contacts with the forum state.  *Bell*, 200 F.Supp.2d at 1086.  If a plaintiff establishes the existence of minimum contacts, the court must determine whether "the exercise of personal jurisdiction over the

defendant is counter to the 'traditional notion of fair play and substantial justice.'" *Id.* To make such a determination, the court should ask whether "the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." *Id.*

2. **The exercise of personal jurisdiction over Defendants will offend the traditional notions of fair play and substantial justice because Defendants lack minimum contacts with Missouri.**

a. **Defendants lack minimum contacts with Missouri.**

Plaintiff's Complaint regarding the Entity Defendants' corporate structure and the Entity and Individual Defendants' alleged contacts with Missouri and alleged requests for legal services fails to establish minimum contacts.

With regard to the Entity Defendants' corporate structure, Armstrong admits that the Entity Defendants are Delaware companies. (Plaintiff's Complaint, ¶5-7.) Plaintiff is mistaken as to where these entities do business, in that the Entity Defendants all do business in Dallas, Texas, not Missouri. (Martorello Affidavit for Entities, ¶2-4.)

Further, with regard to the legal services provided by Armstrong to the Martorello Defendants, Plaintiff's Complaint alleges no facts that the Martorello Defendants transacted any business in Missouri or made or entered into a contract in the state of Missouri.

Armstrong incorrectly alleges Defendants had contacts with Missouri. Armstrong alleges Defendants requested Armstrong to provide legal services and negotiated and transacted business with Armstrong within Missouri and this district. Armstrong alleges it provided legal services to Defendants from Missouri and invoices were sent by Armstrong in Missouri to Defendants from Missouri. Additionally, Armstrong alleges Defendants made partial payments of Armstrong's fees and costs to Armstrong in Missouri. (Plaintiff's Complaint, ¶9.)

Armstrong attempts to rely on **its performance** inside Missouri to supply the requisite minimum contacts. But the critical relationship is the relationship between defendants, the forum,

7

and the litigation. *See Scullin Steel v. National Ry. Utilization Corp.*, 676 F.2d 309, 313 (8th Cir. 1982).[1] The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of minimum contacts with the forum state. *Id.* "It is a defendant's contacts with the forum state that are of interest in determining if jurisdiction exists, not its contacts with a resident." *Id.* In the instant case, Armstrong references engagement letters with the Entity Defendants and Defendant Matt Martorello but fails to acknowledge the engagement letters were accepted by the Entity Defendants and Defendant Matt Martorello in Texas. Further, Armstrong makes no references to engagement letters with Defendant Rebecca Martorello and Justin Martorello. Had Plaintiff proffered the engagement letters with Defendant Rebecca Martorello and Justin Martorello, the Court would see the engagement letters were also accepted in Texas. (Rebecca Martorello Affidavit, ¶13 and Justin Martorello Affidavit, ¶8.)

It is well established that a contract is made where the last act necessary to form a binding contract occurs. A contract is made where acceptance occurs for purposes of long-arm jurisdiction. *See* § 506.500(1), RSMo. *See also Johnson Heater Corp. v. Deppe*, 86 S.W.3d 114 (Mo. App. E.D. 2002). Plaintiff's Complaint does not establish the transaction of any business by Defendants in Missouri, or the making of a contract between Armstrong and Defendants in Missouri, because no such business or contract exists. Plaintiff's Exhibits 1-3 were executed and accepted by Matt Martorello for the Entity Defendants in Dallas, Texas and were for the provision of legal services in Pennsylvania, Virginia and elsewhere, ***but not Missouri***. (Martorello Affidavit for Entities, ¶12.) Similarly, Armstrong's Engagement Letters with Defendants Justin Martorello and Rebecca

---

[1] In Scullin, the plaintiff was a Delaware corporation doing business in St. Louis, while the defendant was a South Carolina corporation doing business in Philadelphia. Just like Defendants, the defendant in Scullin was not authorized to do business in Missouri, had no office or personnel in Missouri, owned no real property in Missouri, and had no agent for service of process or for any other purpose in Missouri. Id. at 310. Ultimately, the Eighth Circuit in Scullin found personal jurisdiction to be lacking. Id.

Martorello were executed and accepted in Texas. (Rebecca Martorello Affidavit, ¶8 and Justin Martorello Affidavit, ¶13).   Accordingly, a Missouri court lacks personal jurisdiction over Defendants pursuant to § 506.500(2), RSMo.

In *Viasystems,* a Missouri corporation ("**Viasystems**") filed suit against a German corporation ("**St Georgen**") alleging claims in contract and tort involving the purchase of cooling fans from St. Georgen (which  never entered the United States). 646 F.3d at 591. St. Georgen's motion to dismiss was granted. *Id.* at 591-92. The Eighth Circuit confirmed, because the alleged

> "Incidental contacts with Missouri—scattered e-mails, phone calls, and a wire-transfer of money to Viasystems in Missouri—do not constitute a 'deliberate' and 'substantial connection' with the state such that St. Georgen could 'reasonably anticipate being haled into court there.' Indeed, these isolated connections are just the sort of random, fortuitous, and attenuated contacts that cannot justify the exercise of personal jurisdiction." *Id.* at 594 (internal citations omitted). These are similar type of contacts alleged by Armstrong.

Similarly, in *Scullen Steel*, a Missouri seller sued a nonresident buyer for breach of contract for the sale of steel castings. In affirming dismissal for lack of jurisdiction, the Eighth Circuit noted that all negotiations, before and after the execution of the sales agreement, were conducted in Pennsylvania, not Missouri. None of the defendant's personnel ever visited Missouri in connection with the sales agreement or the specifications. Also, defendant was not authorized to do business in Missouri, had no office or personnel in Missouri, owned no real estate in Missouri, and did not have an agent for service of process in Missouri. The Court further noted that, although Defendant sent its payments to St. Louis, and the parties also used mail and exchanged telephone calls these factors alone were insufficient to constitute the "transaction of business" within the meaning of

9

the long-arm statute. *Scullen*, 676 F.2d at 312-313.

In *Breiner Equipment Co. v. Dynaquip, Inc.*, a Missouri corporation ("**Breiner**") filed suit against a Texas corporation ("**Dynaquip**") for breach of a joint venture agreement involving the purchase of a chemical plant in Puerto Rico and its resale to a Mexican company. 539 F. Supp. 204, 206 (E.D. Mo. 1982). In support of its motion to dismiss, Dynaquip's president submitted an affidavit stating that the company: (1) did not send any representatives to Missouri in connection with the joint venture; (2) did not do business in Missouri; (3) did not have an office or agent for service of process in Missouri; (4) had no employees or property in Missouri; but (5) did make contacts with the plaintiff regarding the joint venture through telephone calls and letters to plaintiff's principal place of business in Missouri. *Id.* at 206. In opposition, Breiner's president attested that: (1) there were phone calls and mail between Missouri and Texas regarding the joint venture; (2) the defendant "engaged in business and transacted business" with other companies in Missouri; (3) negotiations and work leading up to the joint venture agreement occurred in Missouri; and (4) the joint venture agreement was made and partially performed in Missouri. *Id.* Judge Hungate  found Dynaquip's contacts with Missouri to be "wholly insufficient to support the exercise of personal jurisdiction" because "[n]either the use of mails, telephone calls, nor unilateral activities on the part of the plaintiff in performing a contract is enough to subject a defendant" to the jurisdiction of a Missouri court.  *Id.*  Notably, the contacts alleged in the *Breiner* case are even greater than the contacts Armstrong alleges here, and yet personal jurisdiction over defendant was still found lacking.

Finally, in *CPC-Rexcell, Inc. v. La Corona Foods, Inc.*, a Missouri plastic products manufacturing company ("**Rexcell**") filed suit against an Arizona processor and distributor of yogurt products ("**La Corona**") for breach of contract for failure to pay for shipped products.  726

F. Supp. 754, 755 (E.D. Mo. 1989). In support of its motion to dismiss, La Corona submitted affidavits stating that La Corona: (1) was not authorized to conduct business in Missouri; (2) had no agent, office or personnel in Missouri; (3) owned no real property in Missouri; (4) did not manufacture, sell or advertise in Missouri; (4) did not send agents or representatives to Missouri; but (5) did make telephone calls to Rexcell in Missouri and did send payments through the mail to Rexcell in Missouri in connection with the contract at issue in the litigation. *Id.* at 756. In response, Rexcell argued that: (1) La Corona placed telephone, mail and fax orders for more than 37 million plastic containers; (2) Rexcell mailed invoices to La Corona from Missouri; and (3) La Corona typically confirmed its orders by calling Rexcell in Missouri.  *Id.*

Judge Nangle granted La Corona's motion to dismiss for lack of personal jurisdiction, determining that the only contacts La Corona had with Missouri were its orders placed to Rexcell's Missouri office and its correspondence by mail with Rexcell's Missouri office.  *Id.* The Court explained that the mailing of payments and the making of telephone calls to Missouri—without any other contacts between a defendant and Missouri—were not sufficient minimum contacts to justify the exercise of personal jurisdiction. *Id.* Again, La Corona's contacts were more extensive than the contacts Armstrong alleges.

In the instant case, the affidavits of the Individual and Entity Defendants clearly show that Defendants' contacts with Missouri are *de minimus*, if any. Plaintiff's Complaint does not establish the negotiating or making of a contract between Armstrong and Defendants Justin Martorello and Rebecca Martorello.. Plaintiff's Exhibits 2 and 3 pertain to the Entity Defendants and were received and executed by Defendant Matt Martorello for the Entity Defendants in Dallas, Texas and were for the provision of legal services in Pennsylvania, Virginia and elsewhere, ***but not Missouri.*** The contracts executed by the Individual Defendants were likewise made in Texas, for

purposes of long-arm jurisdiction. (Rebecca Martorello Affidavit, ¶8 and Justin Martorello Affidavit, ¶13.). *See* § 506.500(1), RSMo. *See also Johnson Heater Corp. v. Deppe*, 86 S.W.3d 114 (Mo.App.E.D.2002).   Similarly, Plaintiff's Complaint does not establish Defendants transacting any business or making payments for legal services to Armstrong in Missouri. Assuming arguendo Defendants made payments to Armstrong in Missouri, those actions do not equate to minimum contacts. (Matt Martorello Affidavit, ¶14-16.) *See Viasystems*, 646 F.3d at 592*; KG; Scullin Steel,* 676 F.2d at 313; *CPC-Rexcell*, 726 F. Supp. at 755.

### b.   Plaintiff's Complaint also fails the "Five Factors" test.

The Eighth Circuit considers five factors to determine whether minimum contacts exist sufficient to satisfy due process: (1) the nature and quality of the contacts with the forum state, (2) the quantity of the contacts, (3) the relationship of the cause of action to the contacts, (4) the interest of [the forum state] in providing a forum for its residents, and (5) the convenience or inconvenience to the parties. *See Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). The "first three factors are of primary importance, and the remaining two are secondary factors." *Id.*

### i.   Factors one and two: the nature, quality, and quantity of Defendants' non-existent or *de minimis* contacts with Missouri.

The fact that Defendants have nothing but *de minimis* contacts, if any, with Missouri greatly simplifies the Court's consideration of the nature, quality, and quantity of Defendants' contacts with the state. Armstrong admits Entity Defendants do not conduct business in Missouri. Referring to the Individual Defendants' affidavits, Defendants are not licensed to do business in Missouri, did not enter any contracts in Missouri, and have no presence in Missouri. Moreover, even if there had been negotiations, e-mails, phone calls, or even the payment of money, the cases discussed above demonstrate that these facts are insufficient to establish personal jurisdiction over Defendants.

            **ii.**        **Factor three: no relationship exists between Armstrong's cause of action and Defendants' non-existent or *de minimis* contacts with Missouri.**

Armstrong does not, because it cannot, allege that its causes of action against Defendant are in any way related to Defendants' non-existent or *de minimus* contacts with Missouri. Plaintiff's Complaint fails to establish Defendants conducted any business in Missouri which was the basis for the Underlying Litigation, negotiated and accepted a contract for legal services with Armstrong in Missouri, and transacted business with Armstrong in Missouri. Similarly, Plaintiff's Complaint does not establish Defendants made payments to Armstrong in Missouri for legal services. Again, assuming arguendo Defendants made payments to Armstrong in Missouri, the cases cited above reveal those actions do not equate to minimum contacts.

            **iii.**       **Factors four and five: the "secondary factors" (the interest of Missouri in providing a forum for its residents, and the convenience of the parties) do not alter the fact that Defendants do not have significant enough contacts with Missouri for this Court to have personal jurisdiction over them.**

As discussed above in the Statement of Facts, and in the Argument at section III.A.3, Defendants have no contacts with the state of Missouri. Accordingly, the "secondary factors"[2] of personal jurisdiction (the interest of Missouri in providing a forum for its residents and the convenience of the parties), should not alter the Court's personal jurisdiction analysis. While Missouri has an interest in providing its residents a forum in which to litigate disputes, such an interest "cannot make up for the absence of minimum contacts." *See Gray v Hudson*, 2015 WL 4488143 (E.D. Mo. 2015) (*citing Digi-Tel Holdings, Inc. v. Proteq Telecomms., Ltd.,* 89 F.3d 519, 525 (8th Cir. 1996)).  In any event, the convenience of the parties does not favor Armstrong,

---

[2] Of the "five factors" examined to determine whether sufficient minimum contacts exist, the final two factors are considered to be of secondary importance. *See* Bell Paper, 22 F.3d at 819, 820.

because most of the witnesses reside in Pennsylvania.

### 3. The Missouri Long-Arm Statute does not permit the exercise of personal jurisdiction over Defendants

As discussed above, because Missouri's long-arm statute extends jurisdiction to the farthest reaches of the Due Process Clause, the Court's only necessary analysis is whether asserting personal jurisdiction over Defendants would violate the Due Process Clause. *See Bell*, 200 F. Supp. 2d at 1085. However, even if the Court analyzed the facts of this case based on the Missouri long-arm statute[3], this Court would still not have personal jurisdiction over Defendants because Defendants have neither transacted business in Missouri nor entered into any contracts in Missouri.

Plaintiff's Complaint makes no allegations that Defendants transacted business in Missouri. In fact, none of these Defendants are licensed to conduct business in Missouri. (Martorello Affidavit for Entities, ¶2-4.) Eventide does not advertise or solicit business as a single purpose entity in Missouri, and it does not send agents, representatives, or employees to Missouri to conduct business on its behalf. Martorello Affidavit for Entities, ¶4.) Similarly, Gallant, Liont, and the Individual Defendants do not conduct activities or transact business in Missouri. (Martorello Affidavit for Entities, ¶2-3.) Instead, Armstrong focuses on its presence in Missouri and misleads the Court with its spurious allegations.

### IV.   <u>CONCLUSION</u>

For these reasons, Defendants ask this court to grant their motion and to dismiss this case for lack of personal jurisdiction, and for such other and further relief to which Defendants may be

---

[3] The Missouri Long-Arm Statute provides that Missouri courts will have personal jurisdiction over a defendant in any cause of action arising from the following acts: (1) the transaction of any business within this state; (2) the making of any contract within this state; (3) the commission of a tortious act within this state; (4) the ownership, use, or possession of any real estate situation in this state; (5) the contracting to insure any person, property or risk located within this state at the time of contracting; (6) engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child. R.S.Mo. § 506.500.1(1-6).

entitled.

Respectfully submitted,

**JACOBSON PRESS P.C.**

By:     */s/ Allen Press*
          Allen Press, #39293
          222 S. Central Avenue, Suite 550
          Clayton, Missouri 63105
          Press@ArchCityLawyers.com
          Phone: (314)899-9789
          Fax: (314)899-0282

**BROPHY & DEVANEY, PLLC**

By:     */s/ Joseph F. Brophy*
          Joseph F. Brophy
          Marianne Barth
          The Overlook at Barton Creek
          317 Grace Lane, Suite 210
          Austin, Texas 78746
          Joe@bdlawpllc.com
          Marianne@bdlawpllc.com
          Phone: (512)910-7797

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record pursuant to the Court's ECF system on this 14th day of May 2021.

Thomas B. Weaver
tweaver@atllp.com
Matthew S. Shorey
mshorey@atllp.com
Angela B. Kennedy
akennedy@attllp.com
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Tel. (314)621-5070
Fax (314)621-5065

**ATTORNEYS FOR PLAINTIFF**

Allen P. Press
Press@ArchCityLawyers.com
222 South Central Ave., Suite 550
Clayton, Missouri, 63105
Tel. (314)899-9789
Fax (314)899-0282

**ATTORNEY FOR DEFENDANTS**

 /s/ Joseph F. Brophy
Joseph F. Brophy