# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARMSTRONG TEASDALE LLP, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 4:21-CV-341-NAB |
| MATT MARTORELLO, REBECCA MARTORELLO, JUSTIN MARTORELLO, GALLANT CAPITAL LLC, LIONT LLC, and EVENTIDE CREDIT ACQUISITIONS LLC, | ) |
| Defendants. | ) |

## JOINT PROPOSED SCHEDULING PLAN

Pursuant to Fed. R. Civ. P. 26(f), and the Court's Order of June 14, 2021 (Doc. 38), Plaintiff Armstrong Teasdale LLP and Defendants Matt Martorello, Rebecca Martorello, Justin Martorello, Gallant Capital LLC, Liont LLC, and Eventide Credit Acquisitions LLC ("Defendants") submit the following Joint Proposed Scheduling Plan (numbered in accordance with Section 3 of the Court's June 14, 2021 Order). Defendants assert that all discovery should be stayed pending a ruling on their motion to dismiss for lack of personal jurisdiction as Defendants assert in their Motion to Stay and in their Memorandum In Support Of Their Motion To Stay Discovery filed on this even date herewith. Plaintiff disagrees.

(a) Track Assignment

Plaintiff proposes that this civil action should be assigned to Track 2.

Defendants propose that this civil action should be assigned to Track 3.

(b) Joinder and Amendment of Pleadings

Plaintiff recommends that the deadline for joinder of additional parties and any

amendments to the pleadings be set as October 15, 2021, except as otherwise permitted under the Federal Rules of Civil Procedure.

Defendants recommend that the deadline for joinder of additional parties and any amendments to the pleadings be set as February 25, 2022, except as otherwise permitted under the Federal Rules of Civil Procedure.

(c) Discovery Plan

    i. Discovery of Hard Copy Documents and Electronically Stored Information

        1. Each party shall comply with its respective obligations under the Federal and Local Rules regarding the preservation of evidence, including electronically stored information. With respect to electronically-stored information ("ESI"), the parties agree all ESI, including emails, will be produced as OCR PDF files with Bates numbers affixed. However, the parties agree to meet and confer on the appropriate format of production depending on the volume of ESI to be produced.

    ii. Document Protections

        1. The parties have agreed on the following procedures with respect to any inadvertently disclosed work product or privileged information: Privileged documents will maintain their privilege even if inadvertently disclosed and the receiving party will be obligated to notify the disclosing party to the extent it becomes aware that it has or may have received inadvertently disclosed work product or privileged information and, at the option of the disclosing party, the receiving

       party shall either return or destroy the privileged documents including all copies.

2. The exchange of the parties' confidential and privileged documents will be further governed by the parties' stipulated protective order.

   iii.    <u>Initial Disclosures</u>

Plaintiff proposes that the parties provide their Rule 26(a)(1) initial disclosures by August 27, 2021.

Defendants propose that discovery should be stayed, or in the alternative that the parties provide their Rule 26(a)(1) initial disclosures by October 29, 2021.

   iv.    <u>Phased or Limited Discovery</u>

The parties do not believe that phased or issue-limited discovery would be useful or necessary.

   v.    <u>Expert Witnesses</u>

Plaintiff proposes that expert discovery be handled as follows:

- Plaintiff's expert(s) to be designated, and expert witness reports provided by January 29, 2022.
- Plaintiff's expert(s) to be deposed by February 19, 2022.
- Defendants' expert(s) to be designated, and expert witness reports provided, by March 12, 2022.
- Defendants' expert(s) to be deposed by April 2, 2022.
- Rebuttal expert(s) to be designated, and expert witness reports provided, by April 16, 2022.
- Rebuttal expert(s) to be deposed by April 30, 2022.

Defendants propose that expert discovery be handled as follows:

- Plaintiff's expert(s) to be designated, and expert witness reports provided by July 29, 2022.

- Defendants' expert(s) to be designated, and expert witness reports provided, by September 30, 2022.

- Rebuttal expert(s) to be designated, and expert witness reports provided, by October 28, 2022.

    vi.    <u>Limits on Discovery</u>

Plaintiff recommends that the presumptive deposition limit should apply and that each side should be limited to 10 non-expert depositions, and one deposition of each expert.

Defendants recommend that each side should be limited to 25 non-expert depositions, and one deposition of each expert.

The parties agree that the presumptive interrogatory limit should apply and that each side will be entitled to only 25 interrogatories.

    vii.    <u>Physical and/or Mental Examinations</u>

The parties do not anticipate that any physical or mental examinations of parties will be requested.

    viii.    <u>Discovery Schedule</u>

Plaintiff recommends that all discovery shall be completed by May 14, 2022.

Defendants recommend that all discovery shall be completed by December 16, 2022.

    ix.    <u>Other Matters</u>

Pursuant to the December 2020 amendments to FRCP 30(b)(6), before or within three days after issuing a Rule 30(b)(6) deposition notice to a party and/or non-party, the parties and any non-party (if applicable) shall meet and confer in good faith regarding the matters for examination prior to the taking of such deposition. Any party may file a motion with the court with respect to any disagreement(s) that arise(s) or become(s) apparent during the meet and

confer session. 30(b)(6) depositions shall not be scheduled to occur sooner than 14 days after the notice except by agreement of the parties.

(d)  Alternative Dispute Resolution

The parties believe ADR is appropriate and are willing to engage in ADR now or after some discovery.

Plaintiff requests referral to mediation on or before August 1, 2021, with an ADR termination date of October 1, 2021.

Defendants request referral to mediation on or before October 31, 2022, with an ADR termination date of December 2, 2022.

(e)  Dispositive Motions

Plaintiff recommends that dispositive motions be filed on or before May 28, 2022.

Defendants recommend that dispositive motions be filed on or before December 2, 2022.

(f)  Trial Date

Plaintiff expects that the case will be ready for trial on September 13, 2022.

Defendants expect that the case will be ready for trial on March 6, 2023.

(g)  Length of Trial

The parties anticipate that the case will take approximately two weeks to try to a jury.

(h)  Other Matters

The parties do not anticipate any other matters pertinent to the joint proposed scheduling plan.

Respectfully submitted,

| ARMSTRONG TEASDALE LLP | JACOBSON PRESS P.C. |
|---|---|
| By: */s/ Matthew S. Shorey* | By: */s/ Allen P. Press* |
|    Thomas B. Weaver  #29176MO |    Allen P. Press, #39293 |
|    Matthew S. Shorey  #47861MO |    222 South Central Avenue, Suite 550 |
|    Angela B. Kennedy  #69167MO |    Clayton, Missouri 63105 |
|    7700 Forsyth Blvd., Suite 1800 |    Phone: 314-899-9789 |
|    St. Louis, Missouri 63105 |    Fax: 314-899-0282 |
|    314.621.5070 |    Press@ArchCityLawyers.com |
|    314.621.5065 (facsimile) | |
|    tweaver@atllp.com | BROPHY & DEVANEY, PLLC |
|    mshorey@atllp.com | By: /s/ Joseph F. Brophy |
|    akennedy@atllp.com | Joseph F. Brophy, admitted *pro hac vice* |
| | Marianne Barth, admitted *pro hac vice* |
| ATTORNEYS FOR PLAINTIFF | The Overlook at Barton Creek |
| ARMSTRONG TEASDALE LLP | 317 Grace Lane, Suite 210 |
| | Austin, Texas 78746 |
| | Phone: (512) 910-7797 |
| | Joe@bdlawpllc.com |
| | Marianne@bdlawpllc.com |
| | |
| | ATTORNEYS FOR DEFENDANTS |

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 20, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by the Court's CM/ECF system.

                                                              */s/ Matthew S. Shorey*