## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ARMSTRONG TEASDALE, LLP,   )<br>                                                       )<br>         Plaintiff,                          )<br>                                                       )<br> v.                                                  )          Case No.       4:21-cv-00341 NAB<br>                                                       )<br> MATT MARTORELLO, *et al.*,      )<br>                                                       )<br>         Defendants.                    ) | |

### DEFENDANTS' MEMORANUDM IN SUPPORT OF
### THEIR MOTION TO STAY DISCOVERY

"Under Fed. R. Civ. P. 26(c), a party may move the court for a protective order staying or limiting the scope of discovery; however, a court may issue such an order only upon the movant's showing of good cause, including to avoid undue burden or expense." *Ball-Bey v. Chandler*, 2019 U.S. Dist. LEXIS 228482, *3 (E.D.Mo. 2019). "Pursuant to Rule 26(c), district courts have broad discretion to stay discovery." *Benford v. Grisham*, 2019 U.S. Dist. LEXIS 49789, *2 (E.D.Mo. 2019).

"When determining whether to stay discovery [pending a ruling on a motion to dismiss], the Court should consider the following factors: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. … Courts may also consider the complexity of the action and the stage of litigation." *Benford*, 2019 U.S. Dist. LEXIS 49789, *2 (citations omitted).

Of these factors, courts give substantial weight to the merits of the underlying dispositive motion. In *Benford*, the Court granted the requested stay where:

> Considering these factors in determining the propriety of a stay of discovery pending a ruling on a dispositive motion, the Court finds they weigh in favor of a stay of

1

> discovery. The Court has reviewed the briefing regarding Defendants' motion for summary judgment and concludes that Defendants' argument is *colorable*.

*Id*. (emphasis added).

The same result was reached in *Bryant v. Boyd*, 2020 U.S. Dist. LEXIS 53618, *4-5 (E.D.Mo. 2020):

> The Court finds that these factors weigh in favor of a stay of discovery in this case. Defendants' arguments for dismissal are *colorable*.  The breadth of discovery in this case is substantial, and the Covid-19 pandemic will only compound the difficulty the parties have experienced obtaining discovery.  A stay will cause Bryant no unfair prejudice. (emphasis added)

Likewise in *Ball-Bey v. Chandler*, 2019 U.S. Dist. LEXIS 228482, *4 (E.D.Mo. 2019): "The determination [whether to grant a stay of discovery] is, in general, a practical one that is largely left to the district court's discretion.  Where a complaint is clearly without merit, or where a motion to dismiss otherwise seems likely to resolve the entire litigation, a stay of discovery may be appropriate." (emphasis added)

All the factors to be considered in determining Defendants' motion weigh in favor of a discovery stay.

Defendants' motion to dismiss for lack of personal jurisdiction is not only "colorable," it is "likely to resolve the entire" case.  As shown in their motion, none of the Defendants have any constitutionally significant contacts with Missouri.  The Court thus lacks jurisdiction over them.

The breadth of discovery also weighs heavily in favor of a stay.  The Plaintiff law firm seeks to recover an alleged $3.5 million unpaid balance on a $10 million legal bill.  Plaintiff seeks to recover its claimed $3.5 million balance from three individuals and three entities.  The claimed fees are for time billed by Plaintiff's team of Philadelphia lawyers, and numerous other lawyers in its nationwide network, all of whom allegedly represented Defendants in the defense of several cases that were brought throughout the country (but not Missouri).  Thus, setting aside

the likelihood of any counterclaims, the discovery necessary to just assess the reasonableness of Plaintiff's $10 million bill will be unavoidably broad.

The balance of the harms likewise weighs heavily in favor of a stay.  Unless stayed, all six Defendants will have to soon begin work on their initial disclosures, and full blown discovery would begin thereafter.  Defendants will thus be substantially prejudiced if they are forced to make initial disclosures and respond to discovery in a case that is subsequently dismissed for lack of jurisdicition.  Plaintiff, on the other hand, will not be prejudiced if the discovery process is slightly delayed while the Court decides Defendants' motion to dismiss.

The complexity of the case is also critically important.  The case will necessarily involve expert witnesses.  Selection of those witnesses, however, will depend on the locale of the case.  If the case is maintained in St. Louis, Defendants will endeavor to retain a St. Louis lawyer as their expert.  If the case is ultimately maintained in a different forum, as it should be, Defendants would retain a lawyer from that locale as their expert.  It thus only makes sense to stay discovery until this critical issue is resolved.

For these reasons, Defendants request the Court grant their motion to stay discovery.

Respectfully Submitted,

JACOBSON PRESS P.C.
By:  /s/ Allen P. Press
Allen P. Press, #39293
222 South Central Avenue, Suite 550
Clayton, Missouri 63105
Phone: 314-899-9789
Fax: 314-899-0282
Press@ArchCityLawyers.com

BROPHY & DEVANEY, PLLC
Joseph F. Brophy, admitted *pro hac vice*
Marianne Barth, admitted *pro hac vice*
The Overlook at Barton Creek
317 Grace Lane, Suite 210
Austin, Texas 78746
Phone:  (512) 910-7797
Joe@bdlawpllc.com
Marianne@bdlawpllc.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The filing attorney certifies that on July 20, 2021 a copy of the foregoing was served pursuant to the Court's ECF system.